UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY WILLIAMS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CIOLLI, Warden,<br><br>　　　　　Respondent. | No. 1:20-cv-00736-NONE-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 11]**<br><br>**[FOURTEEN DAY DEADLINE]** |

　　　　Petitioner is a former federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

　　　　On May 27, 2020, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1.) On June 2, 2020, the Court issued an order directing Respondent to file a response to the petition. (Doc. 4.) On September 28, 2020, Respondent filed a motion to dismiss the petition as moot insofar as Petitioner has been granted the relief he sought and released from custody. (Doc. 11.) For reasons discussed below, the Court recommends that the motion be GRANTED and the petition be DISMISSED.

## DISCUSSION

　　　　Petitioner filed the instant petition challenging the life sentence imposed on July 10, 2001, by the United States District Court for the Southern District of Illinois. See United States v.

1

1  Williams, Case No. 4:00-cr-40065-JPG-1.  Petitioner brought the same challenges to his sentence
2  in the Illinois District Court that he brings here.  On August 13, 2020, the Illinois District Court
3  granted Petitioner's request for reduction of his criminal sentence pursuant to the First Step Act of
4  2018. (Doc. 11-1 at 16.)  Petitioner's sentence was reduced to time served. (Doc. 11-1 at 21.)  On
5  August 28, 2020, Petitioner was released from custody. (Doc. 11-1 at 39.)  Petitioner is no longer
6  a Bureau of Prisons inmate and is no longer in the custody of the United States.

7  The case or controversy requirement of Article III of the Federal Constitution deprives the
8  Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70
9  (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A
10 case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally
11 cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481 (1984).  The Federal
12 Court is "without power to decide questions that cannot affect the rights of the litigants before
13 them."  North Carolina v. Rice, 404 U.S. 244, 246 (1971) (*per curiam*) (quoting Aetna Life Ins.
14 Co. v. Hayworth, 300 U.S. 227, 240-241 (1937)).  When a prisoner is released from custody, any
15 habeas petition challenging continued detention becomes moot.  Fender v. U.S. Bureau of Prisons,
16 846 F.2d 550, 555 (9th Cir.1988).

17 Because Petitioner has been granted the relief he sought and is no longer in custody, the
18 petition is now moot.

**RECOMMENDATION**

20 The Court HEREBY RECOMMENDS that Respondent's motion to dismiss be
21 GRANTED and the petition for writ of habeas corpus be DISMISSED.

22 This Findings and Recommendation is submitted to the assigned District Judge pursuant
23 to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the
24 United States District Court, Eastern District of California.  Within fourteen (14) days after
25 service of the proposed Findings and Recommendation, any party may file written objections
26 with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings
27 and Recommendation."  Replies to any objections may be filed within ten (10) days after date of
28 service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28

U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 2, 2020**                    /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE